IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| Norman Rice<br>8947 Manor Court<br>Macadonia, Ohio 44056<br><br>               Plaintiff<br><br>vs.<br><br>Cuyahoga County Department of Justice<br>Affairs-Criminal Justice Services<br>Marty Murphy, individually, and in his<br>official capacity<br>1276 West 3rd Street<br>Suite 409<br>Cleveland, Ohio 44113<br><br>         and<br><br>Cuyahoga County Department of Justice<br>Affairs, Treatment Services<br>Maureen Weigand, individually, and in<br>her official capacity<br>1276 West 3rd Street<br>Suite 319<br>Cleveland, Ohio 44113<br><br>         and<br><br>Jimmy Dimora, County Commissioner<br>in his official capacity and Individual Capacity<br>1219 Ontario Street<br>Cleveland, Ohio 44113<br><br>         and<br><br>Tim Hagen, County Commissioner<br>in his official capacity only<br>1219 Ontario Street<br>Cleveland, Ohio 44113<br><br>         and | CASE NO.<br><br>JUDGE<br><br>**COMPLAINT**<br>**(Jury Demand Endorsed Hereon)**<br><br>CV 05 568601    Complaint<br>34908690<br><br>$100.00 DEPOSITED<br>JUL 27 2005<br>SECURE COSTS<br>GERALD E. FUERST, Clerk of Courts<br>PER _____ DEPUTY<br><br>CV05568601<br><br>34921495 |

| | |
|---|---|
| Peter Lawson Jones, County Commissioner in his official capacity and individual Capacity<br>1219 Ontario Street<br>Cleveland, Ohio 44113 | )<br>)<br>)<br>)<br>)<br>) |
| and | ) |
| Dennis Madden, individually and in his Official capacity<br>1219 Ontario Street<br>Cleveland, Ohio 44113 | )<br>)<br>)<br>) |
| and | ) |
| Mark Welty, individually and in his official Capacity<br>1219 Ontario Street<br>Cleveland, Ohio 44113 | )<br>)<br>)<br>) |
| and | ) |
| Ernie Szorady, individually and in his official Capacity<br>1219 Ontario Street<br>Cleveland, Ohio 44113 | )<br>)<br>)<br>) |
| and | ) |
| Carla Brown, individually and in her Official capacity<br>1219 Ontario Street<br>Cleveland, Ohio 44113 | )<br>)<br>)<br>) |
| Defendants | ) |

Now comes Plaintiff, by and through the undersigned counsel, and for his Complaint alleges and avers as follows:

## BACKGROUND FACTS



1. Plaintiff Norman Rice is an African-American, was hired to work at the Cuyahoga County Youth Detention Center, and was constructively discharged in or about January, 2005.

2. Defendant Cuyahoga County Justice Affairs, Marty Murphy, Maureen Weigand, Carla Brown, Mark Welty, Ernie Szorday, Dennis Madden, Commissioners Hagan, Lawson-Jones, and Dimora are all supervisors of plaintiff and have individually and/or collectively began a campaign of retaliation against plaintiff and race discrimination against plaintiff and/or have failed to stop the discrimination/retaliation after numerous reports of harassment were made by plaintiff.

3. Defendants Justice Affairs, Murphy, Weigand, and Welty have all made defamatory statements about plaintiff, some verbally and others in wiring.

4. At all times relevant, Defendants Dimora, Hagen, and Lawson-Jones, (hereinafter "Commissioners") were the county commissioners who had the ultimate authority to supervise plaintiff and/or all defendants. Commissioners Dimora and Lawson-Jones are being sued in their individual capacities and well as their official capacity because they knew that defendants Murphy, Madden, Weigand, and Welty were harassing. Retaliating, discriminating and/or failed to stop the discrimination against plaintiff which resulted in plaintiff being forced out of his job.

5. Defendant Madden specifically told plaintiff that he would have the false information contained in his CPQ removed, then when plaintiff stated he would like his attorney to review the letter or agreement to withdraw the defamatory and untrue statements, defendant Madden then refused to remove the false information from his personnel file/CPQ. Defendant Madden also was aware of numerous complaints plaintiff had made regarding retaliation and race discrimination and continued to refuse to do anything to stop the discrimination.

3

6. All defendants have committed acts of race discrimination and/or retaliated against plaintiff for suing the defendants for discrimination and retaliation. Such race discrimination and retaliation included, but is not limited to: (1) defendant Welty wrote a poor performance evaluation against plaintiff and then the performance review was later removed due to the false information; (2) defendant Welty refused to give plaintiff the necessary supplies he needed to perform his job including internet access, videos and other paperwork required for the job; (3) defendant Weigand made false statements about plaintiff in writing; (4) defendant Murphy wrote false statements about plaintiff in the CPQ which tarnished his reputation and further caused him to not receive a pay raise and promotion; (5) refusing to pay plaintiff for his time to attend depositions when other employees were paid for their time to take a deposition; (6) by making up documents to state that plaintiff was not qualified to hold the position of deputy superintendent, the position given to Carla Brown. Said documents were false and were intended to discredit plaintiff and further, in part, caused him to not receive a promotion. Said documents were false in that Sharon Reese who held the position prior to it being given to Brown, only had a high school diploma and no licensure, therefore, the defendants and/or their counsel did make up false documents and or evidence in an attempt to retaliate and /or discredit plaintiff; (7) plaintiff was refused vacation pay due to an emergency whereas defendant Welty was given vacation pay due to an emergency; (8) not promoting plaintiff to two separate positions, including the positions held currently by defendant Welty and defendant Brown; and other facts to be adduced at trial..

7. Defendants have been on notice that defendant Marty Murphy has made racial slurs at work against African-Americans, and that he has continually harassed plaintiff and made untrue and defamatory statements against plaintiff.

4

## COUNT I
## R.C. 4112

8. Plaintiff hereby realleges and reavers the allegations contained in the foregoing paragraphs as if fully rewritten herein.

9. At all times mentioned herein, Plaintiff was an employee within the meaning of R.C. §4112, protected against discrimination on the basis of race and/or color, in that Plaintiff was a member of a protected and recognized racial minority group or category.

10. At all times material hereto, all Defendants were an employer within the meaning of R.C. Chapter 4112, and as such were prohibited from discriminating in employment decisions on the basis of race and/or color.

11. Plaintiff has been discriminated against by Defendants on the basis of color and/or race in violation of R.C. §4112, by the acts of Defendants, engaging in a course of conduct which included subjecting Plaintiff to adverse personnel actions and treatment within the work environment which was based on Plaintiff's race or color, further, defendants have retaliated against plaintiff for making good faith complaints of race discrimination.

12. As a proximate result of Defendants' racial discrimination and retaliation, Plaintiff has suffered and continues to suffer substantial losses incurred in loss of past and future earnings, loss of promotions, deferred compensation, and other employment benefits, all to Plaintiff's damage in an amount according to proof.

13. As a further proximate result of the actions and conduct of Defendants, Plaintiff has suffered and incurred, and is suffering and incurring, serious harm and damage to his personal and professional reputation and credibility by Defendants subjecting Plaintiff to such treatment.

5

14. As a further proximate result of Defendants actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damage in an amount according to proof.

## COUNT II
## DEFAMATION

15. Plaintiff hereby realleges and reavers the allegations contained in the foregoing paragraphs as if fully rewritten herein.

16. Defendants' Murphy, Welty, Brown, and Cuyahoga County, in their official capacities and their individual capacity did make up false memos, documents, CPQ"S and other items that included false information about plaintiff that they knew was false at the time it was written and upon information and belief, was done in retaliation due to plaintiff's reporting race discrimination and retaliation. Upon information and belief, defendant Welty was acting on the encouragement of Murphy, Brown, and/or Weigand

17. As a result of Defendants unlawful actions, Plaintiff suffered emotional distress, loss of wages, damage to reputation, and other damages to be adduced at trial.

## COUNT III
## RESPONDEAT SUPERIOR

18. Plaintiff hereby realleges and reavers the allegations contained in the foregoing paragraphs as if fully rewritten herein.

19. Defendant Cuyahoga County is liable for the torts of its employees and/or agents done in the furtherance of their job.

## COUNT IV
## 1983-CIVIL RIGHTS VIOLATION

6

20. Plaintiff hereby realleges and reavers the allegations contained in the foregoing paragraphs as if fully rewritten herein.

21. The conduct of all Defendants did violate the civil rights of plaintiff including his rights to equal protection, due process, his statutory rights to be free of discrimination in the workplace. Section 1983, Title 42 of the U.S. Code allows Plaintiff to pursue his which Defendants have denied them under color of law.

22. The actions of the Defendants have denied Plaintiff of his rights guaranteed by U.S.C.A. Const. Amend. 14 and State Const. Art. 1, sec.

23. All Defendants knew or "could be expected to know" that their conduct violated Plaintiffs rights under the constitution and the statutes of Ohio, therefore, qualified immunity will not be available to any Defendant

## COUNT V
## PUNITIVE DAMAGES

24. Plaintiff hereby realleges and reavers the allegations contained in the foregoing paragraphs as if fully rewritten herein.

25. The conduct of all Defendants except Commissioner Hagan, was outrageous, was done in a deliberate, callous, malicious, fraudulent, and oppressive manner intended to injure Plaintiff, was with an improper and evil motive amounting to malice and spite caused by its acts, and was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of punitive damages in an amount in according to proof.

**WHEREFORE,** Plaintiff demands judgment against all Defendants for compensatory damages in excess of $25,000.00 (TWENTY-FIVE THOUSAND DOLLARS), back pay, promotions that he should have received, a permanent injunction against all defendants to stop retaliating against

plaintiff, a permanent injunction requiring defendants to stop discrimination and retaliation against African-Americans, prejudgment interest, plus the cost of this action, punitive damages in excess of $25,000.00 (TWENTY-FIVE THOUSAND DOLLARS), attorney fees and cost, and any other additional relief as the Court deems proper.

PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS ACTION.

Respectfully submitted,

LAW OFFICES OF MERRIE M. FROST

_____
Merrie Frost (#0059642)
7784 Reynolds Road
Mentor, OH 44060
Phone (440) 856-0336
FAX (440) 856-0337
frostlegal@aol.com

8