UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **NORMAN RICE** | ) | **CASE NO.1:05CV2114** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **CUYAHOGA COUNTY** | ) | |
| **DEPARTMENT OF JUSTICE** | ) | |
| **AFFAIRS, et al.** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Motion to Dismiss filed by Defendants Cuyahoga County Department of Justice Affairs- Criminal Justice Services, Jimmy Dimora, Tim Hagan, Peter Lawson Jones, Dennis Madden, Mark Welty, and Carla Brown.  For the following reasons, Defendant Cuyahoga County Department of Justice Affairs- Criminal Justice Services Motion is granted and the Motion to dismiss by all other Defendants is denied.

**I. FACTUAL BACKGROUND**

In September 2003, Plaintiff Rice filed a previous discrimination suit in the Cuyahoga Court of Common Pleas.  This previous claim arose when Plaintiff was "berated" at a staff meeting in retaliation for filing a discrimination complaint.  In November 2004, Defendants were

1

granted summary judgment on all claims. Rice appealed the judgment and in October 2005, the Eighth District Court of Appeals affirmed.

During this time, Rice claims he was subject to further discrimination and retaliation by his employers and co-workers. On or about December 2004, Defendant Madden told Plaintiff false information contained in Plaintiff's Comprehensive Position Questionnaire would be removed. However, when Plaintiff requested his attorney be permitted to see the "defamatory statements," Defendant Madden refused this request and refused to remove the false information from his file. In addition, Defendant Welty, Plaintiffs' supervisor, gave Plaintiff a poor performance evaluation. This performance review was later removed due to false information. Also, Defendant Welty allegedly refused to give Plaintiff the necessary supplies he needed to perform his job, including internet access. Finally, Plaintiff was refused vacation pay in January 2005 for an absence, due to an emergency, despite the fact Defendant Welty was given vacation pay due to a similar emergency.

## II. STANDARD OF REVIEW

Rule 12(b)(6) authorizes dismissal where a party has failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A Motion to Dismiss should be granted for failure to state a claim if it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the Plaintiff and accept well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Furthermore, Rule 12(b)(6) is the appropriate mechanism for dismissing a claim on grounds of preclusion as the court may consider public records in a ruling on dismissal. *Helfrich v. Metal Container Corp.*, 102 Fed. Appx. 451, 452 (6th Cir. 2004). (Citing *Jackson v. City of Columbus*, 194 F.3d 737,745 (6th Cir. 1999)). In addition, if necessary, the qualified immunity defense can be raised through Rule 12(b)(6) as precedent dictates that courts must resolve immunity questions at the earliest possible stage of litigation because qualified immunity is an immunity from suit rather than an affirmative defense. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

### III. ANALYSIS AND DECISION

**A) Ohio Revised Code § 4112.02**

This action was brought against Defendants' pursuant to O.R.C. § 4112.02 which states, "no person shall discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section or because that person made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under sections §4112.01 to §4112.07 of the Revised Code." O.R.C. §4112.02(I). "A prima facie case for retaliation under this statute requires a showing that 1) Plaintiff engaged in a protected activity; 2) defendant knew of the exercise of this civil right; 3) the employer took some adverse action against the Plaintiff; and 4) there is a causal link between the protected activity and the adverse action." *Brower v. Ross Products Div.*, 2002 WL 484702 (S.D. Ohio) quoting *Chandler v. Empire Chem., Inc.*, 99 Ohio App.3d 396, 402 (Summit Co. 1994). These elements are the same elements required of a Title VII claim. *Logan v. Henderson*, 2002 WL 484631 (S.D. Ohio, 2002).

3

**1) Plaintiff was engaged in a protected activity of which Defendants were aware**

It is clear that Plaintiff was engaging in an activity protected by Title VII. Title VII of the United State Code makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color religion, sex, or national origin." 42 U.S.C. 2000e-2(a)(1)(1994). "A plaintiff may establish a *prima facie* case of discrimination either by presenting direct evidence of intentional discrimination by the defendant, or by providing circumstantial evidence which creates an inference of discrimination." *DiCarlo v. Potter,* 358 F.3d 408, 414 (6th Cir. 2004).

**2) Defendant knew of the exercise of this civil right**

It is clear that Defendants knew Plaintiff was exercising his civil rights in performing this activity. It is also clear that Defendants' knew of the harassment which was taking place because the harassment had been documented in various complaints by Plaintiff.

**3) Defendant took an adverse employment action against Plaintiff and causal link**

Furthermore, despite Defendants' allegations, when construing the facts in the light most favorable to the Plaintiff, there is also a genuine issue of material fact as to whether there was an adverse employment action and if there was a causal link. Plaintiff alleges he was, among other things, constructively discharged. Because there are insufficient facts as to each of the "adverse employment actions" which led to Plaintiff's constructive discharge, to dismiss at this stage would be inappropriate.

**B) 42 U.S.C. § 1983**

Section 1983 provides a civil cause of action against any person who, under color of state

law, deprives a citizen of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To succeed on a § 1983 claim, the Plaintiff must establish the following two elements: 1) he was deprived of a right secured by the Constitution or laws of the United States and 2) he was subjected to or caused to be subjected to this deprivation by a person acting under color of law. *White v. Robertson-Deming*, 9 Fed. Appx. 418 (6th Cir. 2001).

Plaintiff looks to the Fourteenth Amendment, which, among other things, prohibits state actors from retaliating against an individual who makes a complaint of race discrimination. Specifically, Plaintiff alleges this claim under 42 U.S.C. § 1983 for violation of his civil rights to equal protection, due process, and his statutory rights to be free of discrimination in the workplace. Defendants point out Plaintiff must have suffered an "adverse employment action" in retaliation for his complaint. *Canitia v. Yellow Freight Sys., Inc.*, 903 F.2d 1064, 1066 (6th Cir. 1990). Therefore, whether an "adverse employment action" was suffered by Plaintiff is what lies at the heart of each of Plaintiff's 42 U.S.C. § 1983 claims.

The named Defendants' are all county employees and the County Department of Justice. Previously, it has been stated that "government officials generally act under color of law, because the state has given them the power to act; the link to the state is obvious." *Parratt v. Taylor*, 451 U.S. 527, 535-536 (1981). Here, there is no dispute that Defendants were acting under color of state law as state employees.

**1) Equal Protection**

"The showing that a plaintiff must make in order to recover on an employment discrimination claim under Title VII mirrors that which must be made in order to recover on an equal protection claim under section 1983." *Morris v. Oldham County Fiscal Court,* 201 F.3d

5

784, 794 (6th Cir.2000), citing *Risinger v. Ohio Bureau of Workers' Compensation,* 883 F.2d 475, 483- 84 (6th Cir.1989); *Gutzwiller v. Fenik,* 860 F.2d 1317, 1325 (6th Cir.1988). As the court previously determined, Plaintiffs' claim presents a genuine issue of material fact as to the satisfaction of each of the elements required by Title VII. Therefore, Plaintiffs' claim under 42 U.S.C. § 1983 also survives, as it presents a *prima facie* case for three out of the four elements as well as a genuine issue of material fact regarding the "adverse employment action."

**2) Right to be free of Discrimination in the Workplace**

The court must apply the same standard as in Title VII disparate treatment claims when analyzing a claim of race discrimination in the public employment context. *Weberg v. Franks*, 229 F.3d 514, 522 (6th Cir. 2000). Accordingly, this claim also withstands Defendants' Motion to Dismiss because Plaintiff has raised a genuine issue of material fact in regards to an "adverse employment action."

**3) Due Process**

Because Defendants' have set forth no grounds for dismissing Plaintiffs' claim for violation of due process under 42 U.S.C. § 1983, the claim remains.

**C) Defendants' grounds for dismissal**

Should Plaintiff's § 4112.02 retaliation claim raise a genuine issue of material fact, the court must examine the grounds upon which the Defense seeks dismissal. The Defendants' Motion to Dismiss relies on the doctrine of claim preclusion, qualified immunity, municipal liability and the definition of an "adverse employment action.

**1) Claim Preclusion**

6

The doctrine of claim preclusion prevents a party from seeking to relitigate a cause of action upon which a court has already rendered a judgment. Therefore, Defendants assert Plaintiff's claim is barred by this doctrine in consideration of the state court's prior judgment. By adhering to the claim preclusion doctrine, parties are relieved of the cost and vexation of multiple lawsuits, judicial resources are conserved, and inconsistent decisions are prevented, encouraging reliance on adjudication. *Kondrat v. Byron*, 587 F.Supp. 994,994 (N.D. Ohio 1984). However, after reviewing the elements of claim preclusion, the court concludes this action is not barred.

In order to determine whether Plaintiff's claim is barred by the doctrine of claim preclusion, the Court must examine the elements considered in prior case law. The grant of summary judgment operates as a decision on the merits for claim preclusion purposes. Under Ohio law, claim preclusion applies when there is (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *Mitchell v. Trumbull Mem. Hosp.*, 23 Fed. Appx. 494 (6th Cir. 2001). In order for the court to dismiss, it must find that the Defendants can satisfy each of these elements beyond a reasonable doubt.

### a. Valid, prior judgment

*Res Judicata*, now known as claim preclusion, dictates that a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *State v. Banks*, 2000 Ohio App. LEXIS 1682 (Ohio Ct. App. 2000).

7

It appears element one will be satisfied because the Plaintiff already received a valid, final judgment when summary judgment was granted to the Defendants on his September, 2003 discrimination claim. Upon his appeal, Plaintiff received further final judgment when summary judgment in favor of the Defendants was affirmed. This element presents no genuine issue of material fact.

### b. Second action involving same parties, or their privies

While some parties to the current claim are new from the previous claim, the Defendants claim that each new Defendant is in privity with the original parties. Ohio has greatly broadened its definition of privity. Presently, Ohio requirements are not so strict as to require a contractual, beneficiary, or successive relationship. In fact, mere "mutuality of interest," including an identity of a desired result, can create privity. *O'Nesti v. DeBartolo Realty Corp.*, 839 N.E.2d 943 (Ohio App. 2006). In addition, a recent Ohio decision stated that "an employment relationship coupled with an identity of a desired result creates privity." *Singfield v. Yuhasz*, 2005 Ohio App. LEXIS 3360 (Ohio Ct. App. 2005). Here, a clear employment relationship is seen.

Next, the court must look at those individuals initially sued in their official capacity and now in their individual capacity. It has been established that claim preclusion is applied where the defendants are sued in both capacities if the alleged impropriety stems solely from acts performed in the defendant's official capacity. Therefore, if the complaint does not allege that the individuals committed any improper acts separate and apart from acts performed in their official capacities, then the plaintiff is barred from pursuing his or her second lawsuit. *Kirkhart v. Keiper*, 805 N.E.2d 1089, 1093 (Ohio 2004) (citing *Brown v. Osier*, 628 A2d 125, 128-129). Furthermore, when a party is sued as an individual for actions taken solely in her official role,

claim preclusion may not be circumvented.

### c. Claims that were or could have been litigated in previous action

Where a defense of claim preclusion is presented, the next element involves whether the present action involves claims that were or could have been litigated in the previous action. *Mitchell v. Trumbull Mem. Hosp.*, 23 Fed. Appx. 494 (6th Cir. 2001). This being so, a Plaintiff cannot simply bring forth accusations of similar instances which were deemed to be lawful in the first suit.

Here, Plaintiff Rice's previous claim maintained that he was retaliated against after making a complaint of race discrimination. However, Plaintiff Rice is alleging facts that all occurred after the prior judgment in favor of Defendants. The facts Plaintiff alleges each occurred after the Motion for Summary Judgment was granted to Defendants. Case law states, "[u]nder claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated and as to every theory of recovery that could have been presented." *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 77 (1984). *See J.Z.G. Resources, Inc. V. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996).

Each claim asserted by the Plaintiff has not been litigated, nor could they have been litigated, because they all occurred after the initial lawsuit. Because none of facts alleged by Plaintiff could have actually been litigated in the previous claim, this element is not satisfied by the Defendants.

### d. Second claim arises from same transaction or occurrence as prior claim

Finally, in a claim preclusion action, the second claim must arise from the same transaction or occurrence as the prior claim. Comment *b* to Section 24 of the Restatement of Judgments, *supra*, at 198-199, defines a "transaction" as a "common nucleus of operative facts." *Grava v. Parkman Township*, 653 N.E.2d 226. Because the transaction in question occurred after the initial litigation, this claim does not arise from the same nucleus of operative facts.

### e. Conclusion of Claim Preclusion Defense

Plaintiff has received a prior, valid ruling. In addition, this claim presents several Defendants previously sued in their official capacities and now in their individual capacities, as well as new Defendants who are in privity with the previous Defendants. However, here, the alleged transactions occurred after the original litigation and judgment. Therefore, the material allegations do not arise from the same "common nucleus of operative fact." Elements three and four have not be satisfied. Accordingly, without clearly establishing all four elements, the Defendants do not succeed on their claim preclusion defense.

### 2) Qualified Immunity

Defendants' claim because of their status as public officials or employees, they are entitled to qualified immunity. Defendants' further assert in order to show Defendants' are not entitled to qualified immunity the plaintiff must show: 1) a constitutional right has been violated and 2) the right was clearly established. *Estate of Carter v. City of Detroit*, 408 F.3d 305, 310-311 (6th Cir. 2002) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). However, in order to determine this, the court requires inquiry into the facts surrounding Plaintiff's allegations which are not yet available at this stage of the proceedings. Accordingly, the court cannot grant Defendants qualified immunity at this stage in the proceedings.

### 3) Municipal liability

"A municipality may be held liable only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Here, Plaintiff alleges no government policy as the source of his injury. Therefore, Defendant Cuyahoga County Department of Justice Affairs-Criminal Justice Services' defense of municipal liability is granted.

### 4) Adverse Employment Action

As evidenced above, Plaintiff has raised a genuine issue of material fact as to whether he has suffered an "adverse employment action." Being constructively discharged is regarded as an "adverse employment action." The Sixth Circuit has previously stated "one adverse action is constructive discharge, which occurs when "the employer...deliberately creates intolerable working conditions, as perceived by a reasonable person, with the intention of forcing the employee to quit and the employee must actually quit. To determine if there is a constructive discharge, both the employer's intent and the employee's objective feelings must be examined." *Moore v. KUKA Welding Sys.*, 171 F.3d 1073,1080 (6th Cir. 1999). Accordingly, the court must look at the circumstances surrounding this alleged constructive discharge and therefore, granting Defendants' Motion to Dismiss at this stage is inappropriate.

### 5) Full Faith and Credit

Finally, Defendants stress state court judgments shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of each State. 28 U.S.C. § 1738. Therefore, because Ohio courts have already

passed judgment in this matter, the Defense argues to allow this claim would violate the full faith and credit clause. However, the court finds the matter to be materially different from the previous claim because new allegations are made which occurred after the initial judgment. Therefore, Defendants' argument is not well-taken.

## IV. CONCLUSION

Defendants' Motion to Dismiss is denied, as a genuine issue of material fact exists as to the "adverse employment action" required by O.R.C. § 4112.02 and 42 U.S.C. § 1983. Also, the claim preclusion defense fails because Plaintiff alleges that each event occurred after the original action. Furthermore, Defendants' qualified immunity claim fails because the court must examine facts which are not available at this stage of the proceeding. Finally, the court grants the Motion of Cuyahoga County Department of Justice Affair's to Dismiss, as Plaintiff has set forth no government policy which has caused an injury. Defendant Cuyahoga County Department of Justice Affairs-Criminal Justice Services Motion to Dismiss is granted and the Motion to Dismiss by all other Defendants is denied.

      IT IS SO ORDERED.


October 20, 2006                      s/Christopher A. Boyko
Date                                    CHRISTOPHER A. BOYKO
                                             United States District Judge